# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

COMMERCE AND INDUSTRY
INSURANCE COMPANY,

    Plaintiff,

v.

WMS SOLUTIONS, LLC,

    Defendant.

Civil Action No. TDC-14-1182

## MEMORANDUM ORDER

On April 27, 2015, Plaintiff Commerce and Industry Insurance Company ("Commerce") filed a Motion to Strike the Affirmative Defenses of Defendant WMS Solutions, LLC ("WMS"). ECF No. 34. For the reasons set forth below, the Motion is DENIED.

The facts underlying this case are described in the Court's Memorandum Opinion granting WMS's Motion to Vacate the Clerk's Entry of Default. ECF No. 29. As relevant here, the central dispute in this case is whether WMS paid Commerce the required premiums for workers' compensation insurance policies. Commerce alleges that WMS owes several hundred thousand dollars in unpaid premiums. Commerce thus pleads causes of action for breach of contract and *quantum meruit*. In its Answer to that Complaint, WMS asserts three affirmative defenses: (1) that the Complaint fails to state a claim upon which relief may be granted, (2) that Commerce's claims are barred by the terms of the contract, and (3) that Commerce's claims are barred by payment. WMS otherwise denies all of Commerce's allegations without elaboration. Commerce asserts that the affirmative defenses must be stricken because WMS fails to plead a "single fact" in support of them. Mot. Strike at 3.

Federal Rule of Civil Procedure 12(f) permits district courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." However, Rule 12(f) motions are generally viewed with disfavor "because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001) (internal citations and quotation marks omitted). Whether affirmative defenses are subject to the pleading standards laid out by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), is an open question. Neither the Supreme Court nor the United States Court of Appeals for the Fourth Circuit has addressed the issue, and the district courts within this Circuit are divided. *Compare Haley Paint Co. v. E.I. Du Pont De Nemours & Co.*, 279 F.R.D. 331, 335–336 (D. Md. 2012) (*Iqbal/Twombly* standard applies to Answers) *and Aguilar v. City Lights of China Restaurant, Inc.*, No. DKC–11–2416, 2011 WL 5118325 at *2-4 (D. Md. Oct. 24, 2011) (same) *with Lockheed Martin Corp. v. United States*, 973 F. Supp. 2d 591, 593-95 (D. Md. 2013) (*Iqbal/Twombly* standard does not apply to Answers) *and Lopez v. Asmar's Mediterranean Food, Inc.*, No. 1:10cv1218, 2011 WL 98573 at *2 (E.D. Va. Jan. 10, 2011) (same).

In this District, courts that have applied the *Iqbal/Twombly* standard to affirmative defenses have underscored the importance of plaintiffs receiving fair notice of defendants' claims and emphasized that the lack of factual support for affirmative defenses could leave plaintiffs at a disadvantage in discovery. *See, e.g., Aguilar*, 2011 WL 5118325 at *3. Courts in this District that have declined to apply the *Iqbal/Twombly* standard to affirmative defenses have noted that the language of Rule 8(a)(2), requiring that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," differs noticeably from that

2

of Rule 8(b), which requires that an answer "state in short and plain terms its defenses to each claim asserted against it" and permits a general denial of all allegations. Fed. R. Civ. P. 8(a)(2); 8(b)(1), (2). *See, e.g., Lockheed Martin*, 973 F. Supp. 2d at 594. They also reason that reciprocal requirements for complaints and answers may not be appropriate because defendants generally have significantly less time than plaintiffs to craft their pleadings and thus cannot be expected to develop their supporting facts in as much detail. *See id.*

The arguments against applying the *Iqbal/Twombly* standard to affirmative defenses are sufficiently compelling that this Court is not inclined to hold affirmative defenses to that standard in the absence of Fourth Circuit guidance to do so. This case, however, does not require the Court to decide this issue. Because striking all or a portion of a pleading is such a "drastic remedy," *Waste Mgmt. Holdings*, 252 F.3d at 347, to succeed on a motion to strike an affirmative defense, plaintiffs must demonstrate that they will be prejudiced if the defense is not stricken. *See, e.g., Haley Paint*, 279 F.R.D. at 337 (denying motion to strike because "Plaintiffs have articulated no prejudice that would result from a denial of their motion"); *Certain Underwriters at Lloyd's, London v. R.J. Wilson & Assoc., Ltd.*, No. CCB-11-1809, 2012 WL 2945489 at *5 (D. Md. July 17, 2012) ("Even if the [*Iqbal/Twombly*] pleading standards do apply, [plaintiff] has not demonstrated prejudice"). Here, Commerce cannot make that showing.

WMS's defenses that Commerce's claims are barred by the terms of the contract and that they are barred by payment are "traditional contract law defenses that do not stray far from addressing the prima facie case." *Certain Underwriters*, 2012 WL 2945489 at *5. Commerce's assertion that it is unable "to investigate or respond to the defenses" is therefore unpersuasive. Mot. Strike at 3. The terms of the contract, and whether WMS abided by those terms, will certainly be at the heart of discovery, and Commerce has adequate information about that

3

contract and WMS's payments to enable it to craft effective discovery requests. *See Certain Underwriters*, 2012 WL 2945489 at *5 (denying motion to strike because the traditional defenses advanced by the defendant "would not significantly affect the scope of discovery"); *GN Hearing Care Corp. v. Advanced Hearing Centers, Inc.*, No. WDQ-12-3181, 2013 WL 4401230 at *1 (D. Md. Aug. 14, 2013) (denying motion to strike because the plaintiff could "acquire ... the necessary facts through discovery"). Commerce therefore has not demonstrated that it will be prejudiced if these affirmative defenses are not stricken.

As for the affirmative defense of failure to state a claim, Form 30 in the Appendix to the Federal Rules of Civil Procedure makes clear that it is sufficient for a defendant to plead failure to state a claim as a defense, without supplementing the defense with additional factual allegations. Federal Rule of Civil Procedure 84 states that "the forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate." Fed. R. Civ. P. 84. Form 30 provides the following as an example of a sufficient defense to a complaint's allegations: "The complaint fails to state a claim upon which relief can be granted." Fed. R. Civ. P. App. Form 30. As WMS's defense of failure to state a claim corresponds precisely to the example in Form 30, the Court will not employ the "drastic remedy" of striking the defense under Rule 12(f). *Barry v. EMC Mortg.*, No. DKC 10-3120, 2011 WL 4352104, at *4 (D. Md. Sept. 15, 2011) (declining to strike affirmative defense of failure to state of claim because it comported with Form 30).

Accordingly, it is hereby ORDERED that Commerce's Motion to Strike, ECF No. 34, is DENIED.

Date: October 27, 2015

THEODORE D. CHUANG
United States District Judge